IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SYLVIA VASON                           :

                                       :

        v.                             :   Civil Action No. DKC 15-2228

                                       :

BOARD OF EDUCATION OF                  :
MONTGOMERY COUNTY                      :

**MEMORANDUM OPINION**

Presently pending and ready for resolution are a motion for summary judgment filed by Defendant Board of Education of Montgomery County ("Defendant") (ECF No. 14), and a motion by Plaintiff Sylvia Vason ("Plaintiff") for leave to file a surreply to Defendant's motion for summary judgment (ECF No. 22). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, both motions will be granted.

**I.   Background[1]**

On September 13, 2012, Plaintiff visited the Galway Elementary School in Montgomery County to drop off her grandson, a student at the school. (ECF No. 14-2, at 2). As she walked toward the school, she tripped over a vertical lip in the concrete sidewalk leading up to the entrance of the school and

---

[1] Unless otherwise noted, the facts outlined here are undisputed and construed in the light most favorable to Plaintiff. Additional facts are discussed in the analysis section below.

fell to the ground.  (*Id.* at 3).   Plaintiff alleged that the fall caused numerous physical injuries, shock to her nerves and nervous system, mental anguish, medical expenses, and other damages.  (ECF No. 1 ¶ 12).

On July 29, 2015, Plaintiff filed the instant suit for negligence against Defendant.  (*Id.*)  As an invitee on its property, she contends that Defendant owed her a duty of care to inspect pedestrian walkways periodically for defects like the one she tripped over, and, in turn, to repair such defects or to warn invitees about them.  (*Id.* ¶ 10; ECF No. 15-1, at 4).[2]  She alleges that Defendant's employees who worked at the school breached these duties by allowing her to use the sidewalk in its defective condition, which was the cause of her injuries.  (ECF No. 1 ¶¶ 11, 12).

Defendant filed the instant motion for summary judgment on March 16, 2016.  (ECF No. 14).  Plaintiff responded on April 4, and Defendant replied on April 26.  (ECF Nos. 15; 21).  Plaintiff has now moved to file a surreply.  (ECF No. 22).

## II.  Motion for Leave to File a Surreply

Under Local Rule 105.2(a), "[u]nless otherwise ordered by the Court, surreply memoranda are not permitted to be filed."  A surreply may be permitted "when the moving party would be unable

---

[2] Defendant does not dispute that Plaintiff was an invitee on the sidewalk.  (*See* ECF No. 14-1, at 7 (citing open and obvious standard for invitees)).

to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F.Supp.2d 600, 605 (D.Md. 2003) (citation omitted). By contrast, "[a] motion for leave to file a surreply may be denied when the matter addressed in the reply is not new." *Marshall v. Capital View Mut. Homes*, No. RWT-12-3109, 2013 WL 3353752, at *3 (D.Md. July 2, 2013) (citation omitted).

Here, Plaintiff's response to Defendant's motion for summary judgment included a supplementary report from Plaintiff's expert witness, Allen M. Bissell. (ECF No. 15-6). That report is dated March 23, 2016, nearly a month after the parties' discovery deadline of February 26 and a week after Defendant filed its motion for summary judgment. (*See* ECF Nos. 15-6, at 1; 16 ¶ 2). The report contained new opinions about the size of the sidewalk defect and the effect of the sun's position at the time of the accident on Plaintiff's ability to see the defect. (ECF No. 15-6, at 1-2). Defendant filed a motion to exclude Mr. Bissell's supplementary report, or, alternatively, to allow it to supplement its motion for summary judgment to include arguments based on the triviality of the defect. (ECF No. 16 ¶ 12). On April 26, Defendant's motion was denied in a paperless order, without prejudice to Defendant including arguments related to the supplemental report in its reply brief. (ECF No. 20). The court acknowledged that

3

Plaintiff could thereafter move for leave to file a surreply. (*Id.*). In its reply, Defendant used the evidence from the supplemental report to argue that the defect in the sidewalk was too trivial for it to be held liable. Plaintiff filed her instant motion on May 13, and Defendant has consented to the motion. (ECF Nos. 22; 24). Because Defendant made its triviality arguments for the first time in its reply, Plaintiff's motion for surreply will be granted.

## III. Motion for Summary Judgment

### A. Standard of Review

A motion for summary judgment will be granted only if there exists no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). Summary judgment is inappropriate if any material factual issue "may reasonably be resolved in favor of either party." *Liberty Lobby*, 477 U.S. at 250; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). The moving party bears the burden of showing that there is no genuine dispute as to any material fact. If the nonmoving party fails to make a sufficient showing on an essential element of the case as to which the party would have the burden of proof, however,

4

then there is no genuine dispute of material fact. *Celotex*, 477 U.S. at 322-23. Therefore, on those issues on which the nonmoving party has the burden of proof, it is that party's responsibility to confront the summary judgment motion with an "affidavit or other evidentiary showing" demonstrating that there is a genuine issue for trial. *See Ross v. Early*, 899 F.Supp.2d 415, 420 (D.Md. 2012), *aff'd*, 746 F.3d 546 (4th Cir. 2014). "A mere scintilla of proof . . . will not suffice to prevent summary judgment." *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249-50 (citations omitted). In other words, a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala*, 166 F.Supp.2d 373, 375 (D.Md. 2001) (citation omitted); *see Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). Indeed, this court has an affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *See Drewitt v. Pratt,* 999 F.2d 774, 778-79 (4th Cir. 1993). At the same time, the court must construe the facts that are presented in the light most favorable to the party opposing the motion. *Scott v. Harris,* 550 U.S. 372, 378 (2007); *Emmett,* 532 F.3d at 297.

**B.   Analysis**

To establish a prima facie case for negligence under Maryland law, a plaintiff must prove: (1) the defendant owed a duty to protect the plaintiff from injury; (2) the defendant breached that duty; (3) the plaintiff suffered an injury; and (4) the defendant's breach was the proximate cause of the injury.  *See Rosenblatt v. Exxon Co., U.S.A.*, 335 Md. 58, 76 (1994).   In a premises liability slip-and-fall case, the evidence must show that: (1) a dangerous condition existed; (2) the defendant had actual or constructive knowledge of it; and (3) such knowledge was gained in sufficient time to give the defendant the opportunity to remove it or to warn of it.  *See Maans v. Giant of Md., LLC*, 161 Md.App. 620, 629 (2005).   A defendant's duty to those using sidewalks under its control "is not that of an insurer of their safe passage."  *Martin v. Mayor & Council of Rockville, Md.*, 258 Md. 177, 182 (1970) (quoting *Leonard v. Lee*, 191 Md. 426, 431 (1948)).   A landowner "only has a duty to exercise reasonable care to protect the invitee from injury caused by an unreasonable risk that the invitee would be unlikely to perceive in the exercise of ordinary care for his or her own safety."  *Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md.App. 381, 388 (1997) (citing *Casper v. Charles F. Smith & Son, Inc.*, 316 Md. 573, 582 (1989)).

Defendant argues that it is entitled to summary judgment because the lip in the sidewalk was too trivial to hold it liable for her injuries, or, alternatively, because the risk of the defect was open and obvious to her.

### 1.   Doctrine of Triviality

Maryland courts have applied a doctrine of triviality to defects that were "slight, minor or inconsequential." *Martin*, 258 Md. at 183. Under these cases, "slightly irregular defects do not subject municipalities to liability for negligence." *Id.* at 181; *see also id.* at 183 ("Minor defects or obstructions are generally not actionable." (citing 19 Eugene McQuillin, Municipal Corporations § 54.80(c) (rev. ed. 1967))). It is unclear from the case law where exactly triviality fits into the negligence rubric for premises liability. Some cases seem to indicate that trivial defects are not hazardous enough to be a dangerous defect, and thus cannot constitute a breach by the defendant. *See Coleman v. United States*, 369 F.App'x 459, 461–62 (4th Cir. 2010) (unpublished opinion) (questioning whether gravel on a sidewalk "could even be considered a dangerous condition"); *Leonard*, 191 Md. at 435 (holding that the difference between the defect and an ordinary sidewalk was so slight that no jury could find the municipality guilty of a lack of reasonable care for not fixing it). Several courts seem to have focused on "the burden that would be imposed on a

7

municipality if it were required to keep its sidewalks in a perfectly level condition," *President & Comm'rs of Princess, Anne v. Kelly*, 200 Md. 268, 273 (1952), thus narrowing the scope of the municipality's duty and expanding the types defects that should be expected and avoided by a pedestrian exercising reasonable care for her own safety. *See Cordish v. Bloom*, 138 Md. 81, 85 (1921) ("No city, town, or village could maintain a perfectly level or even surface in all of its sidewalks without burdening the property owners with unreasonable and unnecessary taxation. No resident or visitor of a city, town, or village has the right to expect such conditions.") Still other courts appear to have considered triviality in the context of notice to the municipality, recognizing that constructive notice of the defect ought not to be chargeable "if the defect is so minor as to make discovery unlikely." *Martin*, 258 Md. at 182 (construing *Leonard*, 191 Md. 426); *see also Keen v. City of Havre de Grace*, 93 Md. 34, 39 (1901) ("If the effect be of such a character as not to be readily observable, express notice to the municipality must be shown."). Regardless of where triviality should be considered, Maryland law is clear that some small defects are not actionable as a matter of law. Often, these defects are similar to the one seen here in that they develop over a period of time from slow changes to the ground beneath them. *See Martin*, 258 Md. at 181 (noting that "the sidewalk had simply

been worn down over a period of time"); *Cordish*, 138 Md. at 85
("Pavements will in time become irregular and uneven from roots
of trees, heavy rains and snows, or other causes.").[3]

Defendant argues that the defect in this case is similar to
those identified in cases applying the doctrine of triviality.
Defendant points to *Martin*, in which the court reviewed other
cases and noted that the doctrine has been applied to sidewalk
defects, loosened bricks, broken cement blocks, and other holes.
258 Md. at 183.  Plaintiff's expert suggests that the defect
here was only three-eighths of an inch tall.  (ECF No. 15-6).
If it were required to fix such minor defects, Defendant
maintains, it would have to impose the same burdens on taxpayers
that the Court of Appeals found were "unreasonable and
unnecessary" in *Cordish*.  138 Md. at 85.

Plaintiff has provided little argument as to why this
particular defect should not be placed in the trivial category.
In response to Defendant's triviality arguments, Plaintiff
contends only that that the defective lip "ran along the entire
length of the concrete block."  (ECF No. 23, at 2).  As
Defendant points out, a lip this small, no matter how long it
runs, is permissible under the Americans with Disabilities Act,

---

[3] Plaintiff's expert suggested that the defect here likely
developed over the course of two or three years from water
seeping down into the crack between concrete slabs and
permeating the earth underneath one slab, which would cause it
to sink.  (ECF No. 15-2, at 2).

42 U.S.C. § 12101, *et seq.*, ("ADA"), *see* 36 C.F.R. § 1191.1; Dep't of Justice, 2010 ADA Standards for Accessible Design § 303.2 (2010), https://www.ada.gov/regs2010/2010ADAStandards/ 2010ADAstandards.htm#titleII, and the Maryland Accessibility Code, *see* Md. Code Regs. 14.03.02.10 (2016) (incorporating ADA standards for reasonable accommodations).[4]  According to the uncontroverted testimony of Defendant's expert, such a small defect is "traversable" and does not constitute any kind of hazard under these federal and state standards. (ECF No. 21-2, at 2-5).

Plaintiff cites to no cases suggesting that lips of the size in question should not be considered trivial.  The closest that the court has found is *County Commissioners of Baltimore County v. Collins*, 158 Md. 335, 336 (1930), in which the Court of Appeals held that an elevated sidewalk edge of one and one-quarter inch was "an impediment to the reasonably safe use" of

---

[4] This decision does not portend that any defect not sufficient to trigger noncompliance with these acts is necessarily trivial.  In the context of sidewalks, however, where it is clear under Maryland law that not all defects are actionable and that some small defects should be expected, these laws – both balancing, as the court does here, the duties of sidewalk owners to ensure that pedestrians have safe, traversable paths against the burdens of trying to make sidewalks entirely defect-free - provide a helpful benchmark for understanding what is trivial and what is not.

the sidewalk.[5]  That lip was more than three times the size of the one in question here and more than twice the aforementioned limit under Maryland law and the ADA.  In the scope of such small measurements, these differences are significant.

Finding that a defect is trivial does not mean that it is incapable of causing harm.  In the cases in which the doctrine has been applied, the plaintiffs had been injured by the defect; in some cases, other people had previously been injured as well. *See, e.g.*, *Leonard*, 191 Md. at 433-34.  The lip here, as described by Plaintiff's expert, is simply too small and commonplace to hold Defendant accountable for repairing or warning of such a defect.  As a matter of law, it is trivial, and, therefore, Defendant's motion for summary judgment will be granted.

### 2.  Open and Obvious Risk

Alternatively, Defendant argued initially, based primarily on Plaintiff's own testimony, that the defect in the sidewalk was "open and obvious."  (ECF No. 14-1, at 8-10).  Under the

---

[5] The decision of the Court of Appeals in *Martin*, without directly addressing the earlier cases, seems to cast doubt on some "previous Maryland cases [that] had allowed relatively slight depressions to furnish a basis for liability."  *Martin*, 258 Md. at 183.  *Collins* was one such decision.  *See id.* (citing *Kelly*, 200 Md. at 272).  To the degree that *Martin* hints that *Collins* might be wrongly decided, the *Martin* court's analysis suggests that the cases it references construed the doctrine of triviality too narrowly.  Thus, the more recent opinion of the Court of Appeals in *Martin*, would lend support to the decision that the defects described here are trivial.

"open and obvious" doctrine, "the invitee is responsible for exercising due care for their own safety, which includes a duty to look and see what is around." *Feldman v. NVR, Inc.*, No. GJH-14-0672, 2014 WL 6066022, at *3 (D.Md. Nov. 12, 2014). According to one treatise:

> The modern rule concerning the nature of "open and obvious" dangers is embodied in Restatement 2d, Torts § 343A(1) . . . . According to this provision of the Restatement, "[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." The comments to § 343A(1) state that "'[o]bvious' means that both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment."

George E. Powell, Jr., 41 Am. Jur. Proof of Facts 3[d] 65 (1997); *see also Pfaff v. Yacht Basin Co.*, 58 Md.App. 348, 354 (1984) (applying Restatement standard).

Whether a condition is open and obvious is typically a question for the factfinder, but a court may rule as a matter of law when it is clear that any reasonable person in a plaintiff's position must have understood the danger. *Feldman*, 2014 WL 6066022, at *3. There is no "exact test or formula" for determining whether a condition is open and obvious as a matter of law. *Gellerman v. Shawan Rd. Hotel Ltd. P'ship*, 5 F.Supp.2d

351, 353 (D.Md. 1998).  It is, however, "common knowledge that small cracks, holes and uneven spots often develop in pavement[,] and it has been held that where there is nothing to obstruct or interfere with one's ability to see such a 'static' defect, the owner or occupier of the premises is justified in assuming that a visitor will see it and realize the risk involved." *Id.*

Plaintiff admits that the area where she tripped was clear of obstructions and well-lit.  (ECF No. 14-2, at 7, 8, 11).  She acknowledges that she had a duty to look out for defects in the sidewalk but argues that this specific defect was hidden from her.  (ECF No. 15-1, at 6-8).  Considering the combination of the defect's small size, Plaintiff's angle of approach, and the absence of a shadow from the defect, her expert suggests that a person exercising reasonable care for her own safety "could easily [have] interpret[ed] the line as the continuation of the line of [level] sidewalk sections she had already encountered." (ECF No. 15-6).  The thrust of Plaintiff's argument is that, although she was watching for dangerous conditions, the defect here was too small to see – a "mere" three-eighths of an inch according to her expert.  (*Id.*).[6]

---

[6] Plaintiff's argument as to the "unobviousness" of the defect actually supports Defendant's contention that this defect was trivial.  Plaintiff's expert contends, and the exhibit photos show, that the defect was small.  (ECF Nos. 15-1, at 7).

Plaintiff bemoans having to navigate the fine line between sidewalk conditions that are open and obvious and those that are slight and trivial.  (ECF No. 23, at 2).  "[If the] fact that the alleged dangerous condition is not likely to be discovered by the Plaintiff with the exercise of reasonable care [made] the condition 'slight or trivial[,]' . . . there would never be any liability for any property owner under any circumstances, since all alleged dangerous conditions would be either 'open and obvious' or 'slight and trivial.'" (*Id*.).  Because courts have found that pedestrians must expect defects on sidewalks under both doctrines, the two inquiries overlap.  Indeed, one court has even stated that "there could not be any inherent lack of care in . . . letting a cement sidewalk remain unrepaired, unless it was broken or was in such a condition that it was obviously dangerous." *Leonard*, 191 Md. at 434.

Plaintiff is not correct, however, that the two legal theories necessarily resolve all cases against plaintiffs.  As discussed above, the "open and obvious" doctrine relates to whether a plaintiff is exercising reasonable care when there is

---

He also states that approaching the seam in a parallel direction made this small height differential less visible than it would have been if she approached from a perpendicular angle.  (ECF No. 15-6, at 1).  Finally, he maintains that the angle of the sun would have made the shadow cast by the defect smaller, and the light reflecting off the building would have reduced the darkness of the shadows, such that the shadow would not reveal the defect's presence.  (*Id*. at 2).

a dangerous condition, whereas the triviality doctrine relates to whether there is a dangerous condition and whether the defendant is exercising reasonable care.  Here, it is not necessary to decide categorically whether Plaintiff's claim is foreclosed because the defect or condition was "open and obvious" to her as that phrase applies to sidewalks.  Because the so-called defect here was not unreasonably dangerous under the triviality doctrine, Plaintiff cannot show that Defendant failed to exercise reasonable care, and Defendant is entitled to summary judgment.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for leave to file a surreply will be granted and Defendant's motion for summary judgment will be granted.  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge